## McDONALD *v.* BIRD.

WARRANTS drawn by the Auditor of Sacramento county on the Treasurer thereof, and duly registered, and endorsed "not paid for want of funds," August 12th, 1853, come within the preferred claims provided for in that clause of the thirty-sixth section of the Consolidation Act of 1858, 279, which says, in distributing the revenue, "and the balance to a General Fund, which shall be applied to the payment of the outstanding Auditor's warrants lawfully drawn on the treasury, and payable in the order of their registry."

Even if these warrants might have been funded under the Act of 1858, it was a privilege, and not an obligation on the part of the holder, to fund; and his declining to fund did not take his warrants out of section thirty-six of the Act of 1858.

*McDonald* v. *Maddux* (11 Cal. 188) does not touch this case.

APPEAL from the Sixth District.

Application for *mandamus* compelling the Treasurer of the city and county of Sacramento to pay certain warrants. Plaintiff is the holder of five warrants, each dated Aug. 12th, 1853, drawn by

the Auditor of Sacramento county on the Treasurer thereof, "payable from funds set apart for payment of county officers," numbered respectively 121, 123, 124, 125, 126, each for five hundred dollars, except the last, which is for three hundred and thirty-eight dollars, and registered and indorsed on the day of date as "not paid for want of funds." It was admitted that no offer had ever been made to fund any of these warrants; and that there were in the treasury, of revenues assessed and levied in the year 1858 on the taxable property of said city and county—excluding such as had been collected within city limits for municipal purposes, and excluding twelve per cent. to the Pauper and Indigent Sick Fund, eighteen per cent. to the Salary Fund, twelve per cent. to the Contingent Fund—$2,390.27.

It was admitted that there was then in the hands of defendant, as Treasurer, money sufficient in the General Fund mentioned in section thirty-six of the Consolidation Act of 1858, 279, which accrued prior to Jan. 1st, 1859, to pay the warrants; and that they were the oldest outstanding warrants drawn on said treasury in existence. The Court below denied the writ. Plaintiff appeals.

*Geo. R. Moore,* for Appellant.

1. These warrants are preferred claims, within the thirty-sixth section of the Act of 1858, 279, and entitled to be paid out of the General Fund there mentioned. They could not have been funded under the thirty-eighth section of the act, because that section provides for funding only the claims which are "unpaid and unprovided for by this act on the first day of January, 1859." But section thirty-six expressly provides for warrants like these.

2. The fact that plaintiff did not fund under the Act of 1854, 202, cannot defeat his rights under the Act of 1858, even if the former act was binding on plaintiff; still, as he did not avail himself of it, it could not affect him after the passage of the Act of 1858, which repealed all former laws in conflict with its provisions. At least, there was no compulsion on plaintiff to fund; it was a mere privilege.

*W. W. Upton,* for Respondent.

1. By the Act of 1854, 202, sec. 8, the Treasurer in Sacramento county was prohibited from paying warrants drawn for indebtedness accruing prior to the first of March of that year, which under that act were to be funded. And in *McDonald* v. *Maddux*, (11 Cal. 187) it was held, that such indebtedness could not be paid, except out of funds in hand on the first of May, 1854, or subsequently received, but belonging to the revenue of 1854.

2. As these warrants were drawn in 1853, they were, under the Funding Act of 1854, and by the decision in 11 Cal. 187, not "payable in the order of their registry;" because expressly prohibited from being paid; and hence they are not within the thirty-sixth section of the Act of 1858, 279. At the time of that enactment there were two classes of warrants, namely: those drawn prior to May 1st, 1854, and those drawn for indebtedness accruing subsequent to that date; the former were not payable in the order of their registry, but were payable in bonds only, and the bonds payable ten years from date; while the latter were still payable in the order of their registry. The one class had previously been provided for under the Funding Act of 1854, and it was the intention of the Legislature in that act, to prohibit the Treasurer from paying any money on warrants of the character involved in this suit with the proceeds of taxes levied in 1858.

Sections 37 and 38 of the Act of 1858, 279, provide for funding these very warrants, notwithstanding the plaintiff's neglect to fund under the Act of 1854. The language is: "All legal debts or liabilities against the county of Sacramento which may be unpaid and unprovided for by this act," on the first of January, 1859.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The Consolidation Act, applicable to the city and county of Sacramento, (Statutes 1858, 279) provides, by the thirty-sixth section, that the revenue collected or accruing prior to the first of January, 1859, shall be apportioned as follows: Twelve per cent. to the School Fund, eight per cent. to the Pauper Fund, eighteen per cent. to the Salary Fund, twelve per cent. to the Contingent Fund, and the balance (fifty per cent.) to the

General Fund, which shall be applied to the payment of outstanding Auditor's warrants drawn on the Treasury in the order of their registry. It is conceded that McDonald held warrants of the character described, which were duly registered as far back as the twelfth of August, 1853 ; and that there is now in the General Fund money enough to pay them. We think it not at all important whether these warrants were subject to be funded under the Act of 1858. This was a privilege, (if such was the fact) but it was not an obligation on the part of the holder. It secured him a benefit, if he chose to accept this provision, but it did not deprive him of any of his rights if he refused ; at any rate, his declining to fund them did not make the warrants any the less securities answering to the description given in the act. They certainly fall within the description of preferred claims given in the section quoted ; and we see nothing in any other section or act, and have been referred to no provision at all excluding them from the purview and operation of the language, which seems to include them within its natural meaning. Nor do we see anything in reason which should exclude them ; indeed, the fact that they have been left so long unpaid would seem to give them an added claim to this recognition and provision. Nothing in the case of *McDonald* v. *Maddux* (11 Cal. 187) affects the question here.

Judgment reversed, and cause remanded for judgment in pursuance of this opinion.